IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## TELLICO RESERVOIR DEVELOPMENT AGENCY V. TOWN OF VONORE

**Direct Appeal from the Chancery Court for Monroe County**
**No. 12,458      Hon. Jerri S. Bryant, Judge**

**No. E1999-02452-COA-R3-CV - Decided June 23, 2000**

In this Declaratory Judgment action, the Trial Court ruled plaintiff had exclusive authority to issue building permits on the lands it controlled. Defendant appealed.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

FRANKS, J., delivered the opinion of the court, in which SUSANO, J., and SWINEY, J., joined.

Robert N. Goddard, Goddard & Gamble, Maryville, for Plaintiff-Appellee.

Sharon G. Lee, Madisonville, for Defendant-Appellant.

**OPINION**

Plaintiff Tellico Reservoir Development Agency ("TRDA") was granted summary judgment in its declaratory judgment action against defendant Town of Vonore ("Vonore"). Vonore has appealed.

The dispute in this case focuses on who has the authority to issue building permits for buildings constructed on development lands controlled by TRDA, which are located within the boundaries of Vonore.

In entering summary judgment, the Trial Court found that there were inconsistencies between the ordinances of Vonore and the TRDA development standards. Pursuant to Tenn. Code Ann. §29-14-101 *et seq*., the Court ruled that TRDA had the sole authority for improvements to its

development lands, including the issuance of building permits, and Vonore was restrained from interfering with improvements on TRDA development lands.

The Trial Court's ruling, a summary judgment, is not favored with a presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993).

TRDA was created by Tenn. Code Ann. §64-1-701 *et seq.*, which states that its purpose is for:

> developing and effectuating plans and programs for the comprehensive development of, acquiring, operating, managing, selling, leasing and the development of all or a portion of the lands lying within the Tennessee Valley Authority Tellico Reservoir project area, as shown on the official tract maps of the Tennessee Valley Authority, and such contiguous lands as may be acquired by or transferred to the agency within the watershed of the Little Tennessee River, including portions of Monroe, Loudon, and Blount counties, hereinafter "development lands," all in accordance with the public purposes for which the Tellico Reservoir project was established and developed.

Tenn. Code Ann. §64-1-701(b).

To effectuate this purpose, TRDA has the power to enter into contracts, to buy, sell, and lease property, to promulgate and enforce rules regarding the use of said property, etc. Tenn. Code Ann. §64-1-703. TRDA is also to "develop a comprehensive development plan for the economic growth and residential, recreational, commercial and industrial development of the development lands." Tenn. Code Ann. §64-1-705. Tenn. Code Ann. §64-1-709(b), the enabling legislation, provides:

> Notwithstanding any provision of law to the contrary, upon enactment of this section, the comprehensive development plan, as adopted, approved and amended by the agency, shall control the development within the development lands acquired by the agency. Any municipal planning regulation adopted pursuant to title 13, chapter 4, any county zoning regulation adopted pursuant to title 13, chapter 7, any municipal zoning regulation adopted pursuant to title 13, chapter 7, which shall be adopted with respect to or shall apply to any portion of such development lands shall be superseded by the comprehensive development plan adopted, approved and amended by the agency, and, to the extent that same is inconsistent with the agency's comprehensive development plan, shall be of no force or effect as regards any such lands acquired by the agency.

TRDA has adopted a comprehensive development plan pursuant to the statute.

Vonore argues that since it and the TRDA have both adopted the 1997 Southern

Building Code, the provisions of its building code have not been superseded because there are no inconsistencies. Whether there are inconsistencies is not crucial to this analysis because the statute expressly states that the TRDA comprehensive development plan supersedes any municipal regulation adopted pursuant to title 13, chapters 4 and 7.

This Court has long recognized that statutes contained in Title 13 give local governments power to zone and plan, which is precisely the power that the TRDA enabling legislation supersedes, both generally and specifically. *Family Golf of Nashville, Inc. v. Metropolitan Government of Nashville*, 964 S.W.2d 254 (Tenn. Ct. App. 1997); Tenn. Code Ann. §64-1-709(b). Vonore concedes that TRDA is exempt from Vonore's planning and zoning, but not from its building code enforcement. This argument fails because the issuance of building permits cannot be severed from general planning and zoning duties, such that the ability to issue permits is not superseded by the TRDA's powers, when the record shows that the ordinances which control the issuance of building permits in Vonore are the zoning ordinances. Vonore's power to issue building permits derives from the delegation of power to zone by the legislature in Tenn. Code Ann. §13-7-201, which as related to the issue before us is expressly supplanted by Tenn. Code Ann. §64-1-709(b).

Finally, Vonore argues that it has the power to issue building permits pursuant to Tenn. Code Ann. §6-2-201(25) or Tenn. Code Ann. §68-120-101(b)(2), which are not superseded by Tenn. Code Ann. §64-1-709(b). Tenn. Code Ann. §6-2-201(25) is part of the code dealing with municipalities which have adopted the Mayor-Aldermanic Charter, and there is nothing in the record to establish that Vonore would fall within this specifications of the statute. In fact, this point was disputed by TRDA in the trial court, and there is no evidence that Vonore responded or in any way sought to prove its status regarding this issue. Tenn. Code Ann. §68-120-101(b)(2) likewise deals with local governments who can regulate their own buildings upon certifying to the state fire marshal that they have adopted a standard building code and are enforcing the same. Again, there is no proof in the record that Vonore has complied with this statute, or how this would give Vonore the authority to issue building permits. Vonore finally argues that somehow safety would be improved if it too is allowed to regulate the buildings on TRDA lands, but TRDA has demonstrated that it has adopted the Southern Building Code and is in compliance with the same, and that its buildings are inspected and approved by licensed engineers.

We find these argument are without merit and affirm the judgment of the Trial Court and remand with cost of the cause assessed to the appellant.

-3-